# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                                        4:14-CR-00126-JM

STEVEN CUBLE

## ORDER

For the reasons below, Defendant's Motion for Compassionate Release (Doc. No. 69) is DENIED.

**I.   BACKGROUND**

On April 2, 2015, Defendant pled guilty to being a felon possession of a firearm.[1] On December 9, 2016, he was sentenced to 94 months in prison, to run consecutive to his state-court sentence.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. No. 16.

[2] Doc. Nos. 45, 49.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant asserts that he requested compassionate release from the warden on April 10, 2020, but thirty days have elapsed, and he has not received a response. Accordingly, it appears that this issue is properly before the Court.

In support of his motion, Defendant asserts that he has COPD, obesity, diabetes, and high blood pressure, which put him at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Defendant has not shown that his health conditions are severe enough to prevent him from independently functioning within the prison. He also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 43 years old and has served about half of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense. Defendant has five prior convictions, which include two convictions for possession of cocaine and one for delivery of cocaine. In fact, Defendant committed the instant offense while on supervision for a prior conviction.

The severity of the instant offense must also be considered. On January 12, 2014, Defendant coaxed a pedestrian into his car and pulled a gun on him. During a scuffle the firearm discharged, and when the pedestrian was able to escape, Defendant fired two more shots at him. On March 20, 2014, Defendant pointed a firearm at another person. A confidential informant also advised law enforcement that Defendant often carried a gun while selling cocaine. Officers obtained warrants, and Defendant attempted to flee when they tried to arrest him. During a search of Defendant's vehicle, officers found a loaded handgun in the center console, plastic baggies, scales, a razor blade, and pills.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 69) is DENIED.

IT IS SO ORDERED, this 18th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE